Jeffrey W. Allen (099240)
Natalie V. Glavinovich (219415)
VAN DE POEL & LEVY, LLP
1600 South Main Plaza, Suite 325
Walnut Creek, California 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060

Attorneys for Defendant
SEARS, ROEBUCK AND CO.
(erroneously sued as SEARS, ROEBUCK and COMPANY)

Walter L. Davis (098513)
22320 Foothill Blvd., Suite 600
Hayward, California 94541
Telephone: (510) 888-9040
Facsimile: (510) 888-9040

Attorney for Plaintiff
CORTNEY WANDZILAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTNEY WANDZILAK<br><br>Plaintiff(s),<br><br>vs.<br><br>SEARS, ROEBUCK and COMPANY,<br><br>Defendant(s). | CASE NO.: C 07-04039 JCS<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Conference Date: November 16, 2007<br>Time: 1:30 p.m.<br>Courtroom: A, 15th Floor, San Francisco<br><br>*Complaint Filed: August 7, 2007*<br><br>*Initial CMC: November 16, 2007* |

The parties, by and through their respective counsel, hereby jointly submit this Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service:**

The Court has jurisdiction over this matter pursuant to diversity between the parties, 28 U.S.C. 1332, and the amount in controversy in this matter exceeds the sum of $75,000 exclusive of interest and costs. The parties are unaware of any other parties remaining to be served.

2. **Facts:**

**A. Plaintiff's Version:**

This is an action for damages based upon the negligent maintenance and repair of a baler which crushed Plaintiff's right hand on August 8, 2005 while he was placing materials inside of the baler located at a Kmart store in Pleasant Hill, California.

Plaintiff alleges that Defendant SEARS, on dates between January 2005 and August 7, 2005, Defendant SEARS inspected, maintained, serviced and/or repaired the safety gate of the subject baler and knew, or should have known, that the condition of the baler's safety gate posed a substantial danger but did not warn potential users of the danger.

On August 8, 2005, Plaintiff opened the safety gate and door to the afore-mentioned baler and began to place materials inside of the baler for compaction in a manner intended by Defendant. However, the safety gate closed on his hand without warning and crushed it.

**B. Defendant Sears, Roebuck and Co.'s Version:**

Plaintiff Cortney Wandzilak, an employee of Kmart Corporation at all relevant times, claims to have sustained personal injuries and damages at the Kmart store located in Pleasant Hill, California on August 8, 2005 while he was placing materials inside of a baler for compaction when the safety gate of the baler closed on his hand.

3. **Legal Issues:**

   a. Whether the defendant negligently inspected, maintained, serviced and/or repaired the subject baler located at the Kmart store in Pleasant Hill, California at all relevant times.

   b. Whether plaintiff was negligent.

   c. Causation of injuries and damages.

   d. The nature and extent of injuries and damages.

   e. Whether defendant was plaintiff's statutory employer on the date of the incident.

   f. Whether defendant is immune from tort liability pursuant to the exclusive remedy provisions of the Workers' Compensation Act, *California Labor Code § 3601(a)*.

///

///

4. **Motions:** No motions are currently pending. Defendant anticipates a motion for summary judgment on the ground that Defendant is immune from tort liability under California's Workers' Compensation exclusivity rule.

No other motions are anticipated beyond discovery motions, which at this time are not indicated. The parties reserve the right to make pre-trial motions in limine.

5. **Amendment of Pleadings:** None anticipated.

6. **Evidence Preservation:** Defendant has preserved the baler machine in use by Plaintiff at the time of the incident at Defendant's Kmart store in Pleasant Hill, California. The baler and the immediate area on Kmart's premises where the incident occurred are readily available for inspection. The baler unit was repaired by Cepsco (an independent repair/maintenance service) in the days after the incident and has been used on a continuing basis by Defendant's employees since it was repaired. Otherwise, all evidence has been preserved to the knowledge of Defendant's counsel.

7. **Disclosures:**

A timely initial disclosure in compliance with Fed. R. Civ. P. 26 will be made by Plaintiff and Defendant no later than the date contained in the Order Setting Initial Case Management Conference and ADR Deadlines of November 9, 2007.

Plaintiff – Plaintiff will disclose all medical record and reports in his possession, as well as photographs of the subject baler.

Defendant - Defendant has few documents in its possession relative to the claims of Plaintiff. Defendant's three page report of the incident was prepared in anticipation of litigation. Defendant will assert privilege (work product and attorney client communication). Inspection of the baler and premises upon reasonable request.

8. **Discovery:**

No formal discovery has taken place to date. The parties agree that the discovery limitations of the Federal Rules of Civil Procedure will apply absent a stipulation or order to the contrary.

Defendant will subpoena all of Plaintiff's medical records from Plaintiff's known medical providers within 30 days after the Initial Case Management Conference.

VAN DE POEL & LEVY
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060

{00381515.DOC;1}                                3

JOINT CASE MANANGEMENT STATEMENT                       CASE NO.: C 07-04039 JCS

Defendant and Plaintiff anticipate propounding a set of interrogatories and request for production of documents within 30 days of the entry of the Case Management Order.

Defendant anticipates noticing the deposition of Plaintiff in January 2008 and percipient witnesses in February or March 2008.

Defendant anticipates having Plaintiff examined by an independent medical examiner 90 days prior to the expert disclosure deadline.

Plaintiff will take depositions of percipient witnesses and Defendant's person(s) most knowledgeable in early 2008 which counsel for Plaintiff believes will not exceed 10 depositions.

9. **Class Actions:**

This is not a class action suit.

10. **Related Cases:**

Plaintiff has filed an Application for Adjudication of Claim with the State of California Workers' Compensation Appeals Board, Case No. OAK 0331008, *Cortney Wandzilak vs. Kmart*. Plaintiff's Workers' Compensation claim against his employer Kmart arises from the same set of facts and circumstances at issue in the instant case.

11. **Relief:**

Plaintiff seeks monetary damages consisting of General Damages of $200,000.00, and Special Damages in an unspecified amount according to proof at trial.

12. **Settlement and ADR:**

Plaintiff and Defendant have stipulated to mediation and filed the ADR certification by Parties and Counsel as well as the Stipulation and Order Selecting ADR Process. The parties will complete basic discovery to include the deposition of plaintiff and document production by Defendant as well as responding to basic interrogatories, prior to the mediation, to allow for effective negotiations.

13. **Consent to Magistrate Judge For All Purposes:**

Plaintiff and Defendant have consented to proceed before a United States Magistrate Judge, Joseph Spero.

///

14. **Other References:**

This case is not suitable for binding arbitration, a special master, or multi-district litigation.

15. **Narrowing of Issues:**

None at this early juncture.

16. **Expedited Schedule:**

None at this time.

17. **Scheduling:**

The parties submit the proposed schedule:

| | |
|---|---|
| Expert Disclosure Deadline: | June 16, 2008 |
| Rebuttal Expert Disclosure Deadline: | July 16, 2008 |
| Discovery cutoff of non-experts: | May 30, 2008 |
| Discovery cutoff for experts: | October 6, 2008 |
| Hearing of Dispositive Motions: | September 1, 2008 |
| Pre-trial Conference: | October 6, 2008 |
| Trial: | October 20, 2008 |

18. **Trial:**

The parties have each requested a jury trial. It is expected that the trial will be 6-7 days.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Kmart Corporation will have a Workers Compensation right of intervention through its third party administrator Sedgwick Claims Management, Inc.

Defendant will file a Certification pursuant to Civ. L.R. 3-16 by the date of the initial Case Management Conference of November 16, 2007.

Plaintiff will file a Certification pursuant to Civ. L.R. 3-16 by the date of the initial Case Management Conference of November 16, 2007.

///

///

///

///

VAN DE POEL & LEVY
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060

{00381515.DOC;1}                                    5

JOINT CASE MANANGEMENT STATEMENT                              CASE NO.:  C 07-04039 JCS

**20. Other Matters**

None known at this time.

DATED: November 9, 2007  **VAN DE POEL & LEVY, LLP**

By: ___/s/___
 JEFFREY W. ALLEN
 NATALIE V. GLAVINOVICH
 Attorney for SEARS, ROEBUCK AND CO.

DATED: November 9, 2007  **LAW OFFICES OF WALTER L. DAVIS**

By: ___/s/___
 WALTER L. DAVIS
 Attorney for Plaintiff

VAN DE POEL & LEVY
ATTORNEYS AT LAW
1600 South Main Plaza
Suite 325
Walnut Creek, CA 94596
Telephone: (925) 934-6102
Facsimile: (925) 934-6060